

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-2002

# USA v. Toran

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Toran" (2002). *2002 Decisions*. Paper 665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 00-3786

———————

UNITED STATES OF AMERICA

v.

MALCOLM HUSSAIN TORAN,
a/k/a HOTS

MALCOLM TORAN,

Appellant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

(Dist. Court No. 99-cr-00007-4E)
District Court Judge: Maurice B. Cohill, Jr.

———————

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2002

Before: SCIRICA, ALITO, and MCKEE, Circuit Judges.

(Opinion Filed:                    )

———————

OPINION OF THE COURT

———————

PER CURIAM:

Because we write for the parties only, the background of the case need not be set out.

Appellant Malcolm Hussain Toran ("Appellant") appeals his conviction for conspiracy to possess with the intent to distribute an amount of cocaine base in excess of 50 grams in violation of 21 U.S.C. § 846. For the reasons stated below, we affirm Appellant's conviction.

I.

Where a federal criminal defendant enters a guilty plea as to a given charge, a court may only overturn the defendant's conviction on the ground that the defendant's plea was not "voluntary and intelligent" in nature. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Although Tollett involved a petition for federal habeas corpus, this Court has confirmed that the restrictions described in Tollett on challenges to a district court's rulings on pre-trial motions where a defendant has pled guilty are also applicable where the defendant brings such challenges on direct appeal from his conviction. In United States v. Huff, 873 F.2d 709 (3d Cir. 1989), the defendant was arrested for bank robbery and related offenses and made inculpatory statements to the police in the course of his interrogation. Defendant filed pre-trial motions requesting that the statements be suppressed because they were involuntarily taken in violation of his constitutional rights. The District Court denied these motions. Subsequently, defendant elected to plead guilty to certain charges in exchange for the government's agreement to dismiss the remaining counts and not to oppose defendant's request to concurrently serve the sentences imposed for the counts to which he pled guilty. At sentencing, defendant moved to withdraw his plea and go to trial, again raising the

argument that his statements to the police were not voluntarily given. The District Court

denied defendant's motion to withdraw his plea. Defendant then appealed, arguing that the

district court erred in denying defendant's motion to suppress his statements to the police.

The Court declined to reach this question, reasoning that "[i]f [defendant] wanted to preserve

his right to challenge the validity of his statements on appeal, he should have refused to plead

guilty unless his plea was conditional under Fed. R. Crim. P. 11(a)(2)." Id. at 712. Since

defendant conceded that his guilty plea was unconditional in nature, he could not appeal the

District Court's denial of his suppression motions, and could only attack his conviction on

the ground that he did not voluntarily and intelligently enter his guilty plea.

In the instant case, Appellant does not dispute that his guilty plea, like that of the

defendant in Huff, was unconditional in nature; Appellant did not reserve the right to appeal

the District Court's determinations regarding his motion to suppress his statements to Agent

Van Slyke and Detective Nolan. Nor does Appellant deny that this Court's holding in Huff

prevents him from challenging the District Court's denial of his motion on appeal. Appellant

instead contends that this Court should "modif[y] or exten[d]" the doctrine set out in Huff

"due to the constitutional nature of [Appellant's] claim (the Fifth Amendment right not to

incriminate himself and his Sixth Amendment right to counsel,) the government's conduct,

and the length of his incarceration." Brief for Appellant at 13.

As noted above, this Court has previously acknowledged that the holding of Tollett

applies to direct appeals by defendants who have entered guilty pleas. The Supreme Court's

language in Tollett did not admit of exceptions where facts such as those in the instant case

3

are present.  Indeed, <u>Tollett</u> itself involved a highly similar factual situation.  The appellant in

<u>Tollett</u> argued that despite his plea of guilty to a charge of first-degree murder and

subsequent sentence of 99 years' imprisonment, he should be able to attack his conviction

because racial discrimination was unconstitutionally employed in selecting the members of

the grand jury that indicted him.  Thus, appellant in <u>Tollett</u> also sought to raise constitutional

attacks on his conviction, cited egregious governmental conduct to support his position, and

had received a severe sentence for his crimes, but the Supreme Court denied appellant the

ability to overturn his guilty plea.  Given this case's similarity to <u>Tollett</u>, crafting an

exception to the prohibition on challenging pre-trial rulings where the defendant has pled

guilty on these facts would disregard the mandate of Supreme Court precedent.  Hence, we

decline to entertain Appellant's challenges to the District Court's denial of his suppression

motion.

The judgment of the District Court is affirmed.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Not Precedential Opinion.

                                    _____
                                    Circuit Judge

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-3786

_____

UNITED STATES OF AMERICA

v.

MALCOLM HUSSAIN TORAN,
a/k/a HOTS

MALCOLM TORAN,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

(Dist. Court No. 99-cr-00007-4E)
District Court Judge: Maurice B. Cohill, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2002

Before: SCIRICA, ALITO, and MCKEE, Circuit Judges.

(Opinion Filed:                    )

_____

JUDGMENT

_____

This cause came to be heard on the record from the United States District

Court for the Western District of Pennsylvania and was submitted under Third Circuit LAR

34.1(a) on September 20, 2002.

After review and consideration of all contentions raised by the Appellants, it is hereby ordered and adjudged that the judgment of the District Court entered on October 25, 2000 be and is hereby affirmed, all in accordance with the opinion of this court.

ATTEST:

_____
Clerk

DATED: